UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAN QUAN RU | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 08-5025 |
| | * | |
| SEPAT SHIPPING PTE LTD., ET AL. | * | SECTION "L" |

**ORDER & REASONS**

Before the Court is Plaintiff Pan Quan Ru's Motion To Remand (Rec. Doc. No. 41). For the following reasons, the Court determines that the motion is DENIED.

**I.     BACKGROUND**

This case arises out of injuries sustained by the Plaintiff on or about November 14, 2008 aboard the M/V IKAN SEPAT. The M/V IKAN SEPAT was engaged in a towing maneuver with the tug, CONDOR, owned and operated by Defendant Seabulk Towing Services, Inc. ("Seabulk"). When the Plaintiff attempted to cast off the tug lines on the stern, the messenger line belonging to the tug CONDOR caught the Plaintiff's left ankle, resulting in the amputation of Plaintiff's left leg. On November 25, 2008, Plaintiff Pan Quan Ru ("Ru") filed a Petition for Damages in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, for the injuries he sustained in November 2008 while employed on board the M/V IKAN SEPAT. The M/V IKAN SEPAT is a Singapore-flagged vessel owned and operated by defendants Sepat Shipping PTE Ltd. ("Sepat") and PACC Ship Managers PTE Ltd. ("PACC") and is insured under a general liability policy by the United Kingdom Mutual Steam Ship Assurance Association (Bermuda) Ltd. Plaintiff filed suit pursuant to the Jones Act, 46 U.S.C. § 688, the

General Maritime Law and the Savings to Suitor's Clause, 28 U.S.C. § 1333, asserting negligence and unseaworthiness, and seeking general and punitive damages.

On November 26, 2008, Defendants removed the case to the District Court for the Eastern District of Louisiana pursuant to federal question jurisdiction on the basis that the Convention on the Recognition of Foreign Arbitral Awards ("the Convention") governs the dispute as two documents entered into between the parties contained purported agreements to arbitrate. Shortly thereafter, Plaintiff filed a Motion to Remand arguing that no valid arbitration agreement existed in either the collective bargaining agreement or the employment contract at issue.

In its July 10, 2009 Order and Reasons, the Court denied Plaintiff's first Motion to Remand without prejudice. The Court found that the Collective Bargaining Agreement at issue contained an arbitration agreement that did not apply to the Plaintiff individually. However, the Court also found at that time that the employment agreement may have been subject to arbitration under the Convention on the Recognition of Foreign Arbitral Awards ("the Convention"). The Court found that under the four prong test articulated by the Fifth Circuit Court of Appeals in *Francisco v. M/T STOLT ACHIEVEMENT*, 293 F.3d 270 (5th Cir. 2002), cert. den., 537 U.S. 1030 (2002), arbitration should be compelled if (1) there was an agreement in writing to arbitrate the dispute, (2) the agreement provided for arbitration in the territory of a Convention signatory, (3) the agreement arose out of a commercial legal relationship, and (4) a party to the agreement was not an American citizen. The Court further found that the only requirement not clearly satisfied was the first, requiring a written agreement. At the time, the Plaintiff denied actually signing the employment agreement. An evidentiary hearing was

2

scheduled to determine the validity of the Plaintiff's signature on November 3, 2010. However, at the hearing the parties informed the Court that, as a result of recent depositions, the validity of the signature was no longer a contested fact. The parties stipulated on the record that the evidence supported the conclusion that the Plaintiff's signature was in fact valid.

## II.  THE MOTION

The Plaintiff now urges the Court to grant its second Motion to Remand on the basis that the arbitration clause is unenforceable even if it does meet the *Francisco* requirements. Plaintiff asserts the clause is unenforceable, and thus not subject to arbitration under the Convention because (1) under Chinese law, the arbitration clause is unenforceable, (2) enforcing the arbitration agreement would deny Plaintiff statutory remedies granted by United States law, and (3) the employment contract which contains the arbitration agreement is at odds with the relevant collective bargaining agreement and is thus null and void under Chapter 2 of the Federal Arbitration Act.

Defendants PACC Ship Managers Pte Ltd., United Kingdom Mutual SteamShip Assurance Association (Bermuda) Ltd., and Sepat Shipping PTE Ltd. (hereinafter "the Sepat Defendants") have responded that these defenses go beyond this Court's jurisdiction to determine whether arbitration must be compelled under the four prong *Francisco* test. Further, Defendants rely on this Court's July 10, 2009 Order and Reasons, which stated that if Plaintiff's signature on the employment contract was indeed valid, arbitration was appropriate.

Further, Defendant Seabulk opposes Plaintiff's Second Motion to Remand arguing that, in the event the Court dismisses Plaintiff's claims against the Sepat defendants, the Court should retain jurisdiction over the Plaintiff's general maritime law claims against Seabulk and should

3

not remand the case.  Seabulk claims this Court retains jurisdiction pursuant to 28 U.S.C. §1331(1), federal question jurisdiction.  Further, Seabulk maintains that if the Sepat defendants are dismissed entirely from this litigation, there is complete diversity of citizenship between the remaining parties, providing the Court with an additional basis of jurisdiction under 28 U.S.C. §1332(a), and making the general maritime law claims against Seabulk removable in their own right.

## III.    LAW & ANALYSIS

The U.S. Court of Appeals for the Fifth Circuit has held that the Convention "contemplates a very limited inquiry by the courts when considering a motion to compel arbitration." *Francisco,* 293 F.3d at 273(citing *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.*, 767 F.2d 1140, 1144-45 (5th Cir. 1985).  Pursuant to that inquiry, the court MUST compel arbitration if (1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen.  *Id*.  This Court has determined previously in its July 10, 2009 Order and Reasons that three of the four of these requirements were "easily satisfied" in this case.  Further, the only outstanding requirement, the existence of a written agreement to arbitrate, was stipulated to by the parties and memorialized in this Court's minute entry on November 3, 2009.

The four above requirements having been met, "the Convention requires [the District Court] to order arbitration . . . unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue . . ." *Sedco, Inc.*, 767 F.2d at 1145, or unless the agreement is "null and void, inoperative, or incapable of

4

being performed." *Id*. (*quoting* Convention, Article II(3)).

The Plaintiff contends that the arbitration agreement is null and void under Chinese law and conflicts with the collective bargaining agreement. However, these claims require an analysis and interpretation of Chinese law beyond this Court's limited inquiry. Resolution of these issues would require the Court to reach the merits of the underlying dispute, which is more appropriate for the arbitrator.

Plaintiff contends that Chapter 2 of the Federal Arbitration Act, as opposed to Chapter 1, requires the Court and not the arbiter to determine whether the arbitration agreement is "null, void, inoperative, or incapable of being performed." However the *Francisco* case, upon which this Court has relied in determining the validity of the arbitration agreement, dealt with a claim arising from Chapter 2, not Chapter 1. *See* 293 F.3d 270. To the extent that Chapter 2 allows for the affirmative defense that the arbitration agreement is null and void, the four factors laid out in *Francisco* incorporate that defense. Had the Court found that one of the factors was not met, it would be a clear indication that the arbitration agreement was inoperable or void. However, having found that all four factors are clearly met, the Court finds that the agreement is valid. Any substantive attacks on the agreement beyond what is covered in the *Francisco* test should be taken up in arbitration.

Finally, the Plaintiff's argument that the arbitration clause is invalid because it denies the Plaintiff statutory remedies available under U.S. law is without merit. The overwhelming body of U.S. law favors arbitration as a matter of public policy. Even cases where claims have been asserted under the Jones Act have nevertheless been referred to arbitration. *See Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005); *Freudensprung v. Offshore Technical Services,Inc.* 379

F.3d 327 (5th Cir. 2004).

The four *Francisco* requirements having been met, Plaintiff's Motion to Remand is denied and Plaintiff's claims against the Sepat Defendants are dismissed.

## IV. JURISDICTION OVER CLAIMS AGAINST SEABULK

Having dismissed all claims against the Sepat Defendants, the Court must now determine whether it has jurisdiction over the general maritime claims asserted against Defendant Seabulk. The Court finds that complete diversity exists under 28 U.S.C. § 1332(a) in a suit between Plaintiff and Seabulk. Plaintiff Pan Quan Ru is a citizen of the People's Republic of China. (See Rec. Doc. No. 1, State Court Pleadings, ¶ 1). Defendant is a Florida corporation with its principle place of business in Ft. Lauderdale, Florida. (See Rec. Doc. No. 45, Exhibit A). Further, Plaintiff's injuries involve an amputation of his left leg and clearly exceed $75,000.00 in damages. Thus, the Court has both diversity jurisdiction as well as admiralty jurisdiction over this defendant.

## V. CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Remand is DENIED as to ALL CLAIMS. Plaintiff's claims against the Sepat Defendants are DISMISSED with prejudice. The Court shall retain jurisdiction over Plaintiffs's claims against Defendant Seabulk. The Court will issue a scheduling order.

New Orleans, Louisiana, this 11th day of February, 2010.

_____
UNITED STATES DISTRICT JUDGE